**STATE, Plaintiff, v. HINKLE et, Defendant.**

Common Pleas Court, Summit County.

No. 183852.   Decided June 9, 1953.

C. William O'Neill, James F. De Leone, Brown Pettit, Columbus, for plaintiff.
E. L. Cunningham, Akron, for defendant.
Richard Nye, Akron, for Marinda Look.

## OPINION

By WATTERS, J.

This matter was tried to the Court, a jury being waived. In Case Number 174480 Judge Emmons found for and entered judgment for the plaintiff there, Marinda Look, that being a Workmen's Compensation case against the defendant here, in which the court found the defendant amenable to the Act and that the plaintiff was entitled to share in the State Fund. That judgment is in full force and effect. Thereafter the Industrial Commission made an award to Marinda Look against the defendant which defendant failed to pay, and the State of Ohio brought this action for collection of said award, to-wit, $1517.20 plus interest from April 3, 1951.

In this action the defendant again raised the defense of not being amenable to the Workmen's Compensation Act in that he did not have three (3) employees, etc., and other matters.

The plaintiff State, however, claims all such matters in defense are res adjudicata in the action before Judge Emmons.

By agreement the parties agreed to submit to the Court the transcript of the testimony before Judge Emmons in the Workmen's Compensation case, and other pertinent matters stipulated, and the defendant was allowed to offer further evidence before this court on the question of amenability.

From all the evidence before the Court, this Court finds the plaintiff State of Ohio entitled to a judgment against the defendant in the amount specified above. In this correction · the Court considered all the evidence, including that offered in this court and before Judge Emmons on the question of amenability.

However, I am also of the opinion that the former adjudication by Judge Emmons in the former case is res adjudicata of the questions the defendant has raised in this case.

True, the State is a different party in this case, but only nominally, because this action is under the statutes provided and the State in reality represents and stands in the shoes of the claimant for whose benefit the case was brought.

A journal entry may be drawn in accordance with this finding. Exceptions to defendant.